UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

JOVANNE JAMAUL HEATH,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-03268-MMD-MDC

ORDER

## I. SUMMARY

Petitioner Jovanne Jamaul Heath, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 13 ("Petition").) Because Petitioner was not issued a proper arrest warrant, the Court grants the Petition and orders Petitioner be released.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of Jamaica. (ECF No. 13 at 3.) He entered the United States lawfully on a tourist visa in either 2010 or 2012. (*Id.*) Petitioner was subsequently arrested on various charges and sentenced to prison between 2013 through 2015. (*Id.*) He was ordered removed on September 20, 2017, and was removed the next year. (ECF Nos. 13 at 4; 7-1 at 2.)

Petitioner then allegedly reentered without inspection. (ECF No. 13 at 4.) In March 2025, Petitioner was arrested in Nevada and released. (*Id.*) He was arrested again in Pennsylvania in September 2025 and was taken into immigration custody on or around

December 18, 2025.[1] (*Id.*) The following day, the government signed a notice of intent to reinstate his prior final order of removal from 2017. (*Id.*) His prior order of removal was reinstated on December 22, 2025. (*Id.*) That same day, Petitioner was arrested on a federal warrant for illegal reentry.[2] (*Id.*) He was then extradited to Las Vegas. (*Id.*) Petitioner filed his *pro se* habeas petition with this Court on or about September 28, 2026. (*Id.*)

## III. DISCUSSION

Petitioner seeks habeas corpus relief because he was allegedly unlawfully arrested by immigration enforcement. Petitioner argues he was not issued a proper arrest warrant and that his prior final removal order was not reinstated properly. (*Id.* at 5.) The Court agrees Petitioner was not issued a proper arrest warrant, and grants Petitioner's habeas relief on this ground.

Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation. *See Ger V. v. Mullin*, No. 26-cv-2543-KMM/DTS, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026). Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations "up to the time removal proceedings are completed." 8 C.F.R. § 236.1. After removal proceedings completed, if a noncitizen received a "final administrative removal order," they are detained through a Form I-205 Warrant of Removal/Deportation. *Id.* at §§ 241.2, 241.3(a).

Petitioner was arrested and detained following his prior 2017 final removal order. (*Id.* at 4.) Accordingly, he "cannot be arrested pursuant to an I-200 warrant[.]" *Ger V.*, 2026 WL 1847044, at *2 (citing 8 C.F.R. § 241.3(a); *Cesar F.F. v. Blanche*, No. 26-cv-2540-PJS/DTS, (D. Minn. June 2, 2026), (Dkt. 8 at 4); *Moreno v. United States*, No. 1:24-

---

[1]Petitioner notes the state prosecutor declined to pursue charges. (ECF No. 13 at 4.)

[2]Petitioner was subsequently sentenced to time served and three years' supervised release on August 31, 2026. (ECF No. 13 at 4.)

cv-245-RP, 2026 WL 1042030, at *2 n.7 (W.D. Tex. Mar. 25, 2026)); *see also id.* at *2 n.2 ("[B]ecause a final order of removal had already been issued for [Petitioner], that means removal proceedings were over, and he could no longer be arrested pursuant to an I-200 warrant."). However, Respondents have failed to produce a valid I-205 warrant, even after the Court ordered them do so.[3] (ECF No. 3 at 3.) Nor do they claim one exists, or that one was issued following his arrests in 2025 or 2026 corresponding to the reinstatement order. Instead, Respondents merely assert that Petitioner was validly arrested and subject to mandatory detention following the reinstatement of his final order of removal.[4] (ECF No. 14 at 2.) This is incorrect. As this Court held in *Escobar Nerio v. Blanche*, detention following a prior removal order is invalid without an I-205 warrant. *See Escobar Nerio v. Blanche*, No. 2:26-cv-02010-MMD-NJK, 2026 WL 2983494, at *3 (D. Nev. Oct. 5, 2026); *see also* 8 C.F.R. §§ 241.2, 241.3(a); *Inti C.-L. v. Blanche*, No. 26-cv-2777-PJS/SGE, 2026 WL 2474390, at *2 (D. Minn. June 9, 2026); *Gumaneh v. Hernandez*, No. C26-2767-BAT, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2; *De La Rosa Izaguirre v. Blanche*, No. 26-cv-2911-PKC, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026). Therefore, the Court finds Respondents' reliance on a nine-year-old Form I-205 Warrant of Arrest to detain Petitioner unlawful.[5] Accordingly, the Court orders Petitioner's release. *Gumaneh*, 2026 WL 2624291, at *4. ("The arrest was invalid *ab initio* and the proper remedy is release from detention.")

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and

---

[3]Respondents only submitted Petitioner's I-205 warrant issued on September 20, 2017. (ECF No. 7-1 at 2.)

[4]Respondents also incorrectly assert that his mandatory detention is subject to the reinstatement of a final order of removal filed on December 14, 2006. (ECF No. 14 at 3.) Petitioner did not enter the country until either 2010 or 2012. (ECF No. 13 at 3.)

[5]In its Response, Respondents primarily focus on whether Petitioner's continued detention is justified due to his final removal order, despite the removal period expiring in March 2026. However, because the Court finds Petitioner's arrest was unlawful and grants the Petition on that ground, it does not reach this question.

determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition is granted. (ECF No. 13.) Respondents must immediately release Petitioner no later than 5:00 PM on Tuesday, November 10, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner's personal property in their possession at the time of Petitioner's release.

It is further ordered that the parties shall file a joint status report by Wednesday, November 11, confirming Respondents' compliance with this Order.

It is further ordered that Petitioner's application to proceed in forma pauperis (ECF No. 8) is granted, and Petitioner's initial application to proceed in forma pauperis (ECF No. 1) is denied as moot.

It is further ordered that Petitioner's pro se motion to correct Petitioner's A# (ECF No. 12) is denied without prejudice.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 9th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE